

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :
                                    :
         - v. -                     :
                                    :
ALEXANDER ARGUEDAS,                 :
     a/k/a "Reckless,"              :
MICHAEL DELAGUILA,                  :
     a/k/a "Grizz,"                 :
STEVEN JUSTO,                       :
     a/k/a "Riko,"                  :
DAVONTE BROWN,                      :
     a/k/a "Tae,"                   :
JACOBB PADIN,                       :
     a/k/a "Chino,"                 :
EDGARDO BARANCO,                    :
     a/k/a "Slime,"                 :
ABBAS OZKURT,                       :
     a/k/a "AB,"                    :
JAHVONNE CHAMBERS,                  :
     a/k/a "JV"                     :
DENISE BULLOCK,                     :
     a/k/a "Mocha,"                 :
SIMONE CORDERO,                     :
     a/k/a "Mixy,"                  :
MATTHEW NIEVES,                     :
     a/k/a "WB,"                    :
TYERANCE MICKEY,                    :
     a/k/a "Hoodlum,"               :
MARK BROCK,                         :
     a/k/a "Rover," and             :
ANDRE CURRY,                        :
     a/k/a "Flex,"                  :
                                    :
                     Defendants.    :
                                    :

- - - - - - - - - - - - - - - - - - x

**SEALED**
**SUPERSEDING INDICTMENT**

S1 20 Cr. 135

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

### The Black Stone Gorilla Gang ("BSGG")

1. At all times relevant to this Indictment, ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," JAHVONNE CHAMBERS, a/k/a "JV," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," and MATTHEW NIEVES, a/k/a "WB," the defendants, and others known and unknown, were members and associates of the Black Stone Gorilla Gang ("BSGG"), a criminal organization whose members and associates engaged in, among other things, narcotics trafficking, bank fraud, wire fraud, obstruction of justice, and acts involving murder, assault, and robbery. BSGG operated principally in the New York City metropolitan area and in the jails and prisons of New York City and the State of New York.

2. BSGG, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. BSGG constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of

3

achieving the objectives of BSGG. At all times relevant to this Indictment, BSGG was engaged in, and its activities affected, interstate and foreign commerce.

3. ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," JAHVONNE CHAMBERS, a/k/a "JV," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," and MATTHEW NIEVES, a/k/a "WB," the defendants, participated in the operation of BSGG, and participated in unlawful and other activities in furtherance of the conduct of BSGG's affairs.

### Purposes of the Black Stone Gorilla Gang

4. The purposes of the Black Stone Gorilla Gang included the following:

a. Enriching the members and associates of BSGG through, among other things, (1) the distribution of narcotics, including heroin, cocaine, cocaine base in a form commonly known as "crack," oxycodone, and marijuana; (2) robberies; and (3) bank and wire fraud.

b. Preserving and protecting the power of BSGG and its members and associates through acts involving murder, robberies, assaults, other acts of violence, and threats of violence.

4

c. Promoting and enhancing BSGG and the reputation and activities of its members and associates.

d. Protecting BSGG and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of BSGG.

Means and Methods of the Black Stone Gorilla Gang

5. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of BSGG were the following:

a. Members and associates of BSGG committed, conspired to commit, and attempted and threatened to commit acts of violence, including acts involving murder, robbery, and assault, to protect and expand BSGG's criminal operations, resolve disputes within the gang, and against rival gang members and disfavored BSGG members.

b. Members and associates of BSGG used violence and threats of violence, including acts involving murder, robbery, and assault, against others, including in particular rival gang members and disfavored BSGG members.

c. Members and associates of BSGG sold narcotics, including heroin, cocaine, cocaine base in a form commonly known as "crack," oxycodone, and marijuana.

d. Members and associates of BSGG committed bank and wire fraud, including by depositing checks containing false information into bank accounts controlled by BSGG members and associates.

e. Members and associates of BSGG promoted BSGG on social media websites such as Facebook and Instagram by posting messages, comments, videos, and photographs referring to, among other things, shootings, firearms, drug dealing, and fraud.

## The Racketeering Conspiracy

6. From at least in or around 2011, up to and including in or around March 2020, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," JAHVONNE CHAMBERS, a/k/a "JV," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," and MATTHEW NIEVES, a/k/a "WB," the defendants, and others known and unknown, being persons employed by and associated with the Black Stone Gorilla Gang described in Paragraphs One through Five of this Indictment, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code,

6

that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of BSGG, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), consisting of:

a. Multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25, 125.27 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

b. Multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

c. Multiple acts indictable under the following provisions of Title 18, United States Code:

(1) Sections 1951 and 2 (interference with commerce by robbery);

(2) Sections 1343 (wire fraud) and 1344 (bank fraud) and 2;

(3) Sections 1512 and 2 (witness tampering); and

d. Multiple offenses involving: distribution of controlled substances, including heroin, cocaine, cocaine base

7

in a form commonly known as "crack," oxycodone, and marijuana,
in violation of Title 21, United States Code, Sections 812,
841(a)(1), and 846, and Title 18, United States Code, Section 2.

7. It was a part of the conspiracy that each defendant
agreed that a conspirator would commit at least two acts of
racketeering activity in the conduct of the affairs of the Black
Stone Gorilla Gang.

## NOTICE OF SPECIAL SENTENCING FACTORS

*Conspiracy to Distribute and Possess with Intent to Distribute
Controlled Substances*

8. From at least in or about 2011, up to and including in
or about the present, in the Southern District of New York and
elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL
DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE
BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO
BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE
BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," and
MATTHEW NIEVES, a/k/a "WB," the defendants, and others known and
unknown, intentionally and knowingly did combine, conspire,
confederate, and agree together and with each other, to
distribute and possess with intent to distribute (i) one
kilogram and more of mixtures and substances containing a
detectable amount of heroin, in violation of Title 21, United
States Code, Section 841(b)(1)(A); (ii) 5 kilograms and more of

8

mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (iii) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

## *Murder of Gary Rodriguez*

9. On or about December 9, 2012, in the Southern District of New York, ALEXANDER ARGUEDAS, a/k/a "Reckless," the defendant, and others known and unknown, knowingly and intentionally murdered Gary Rodriguez, and aided and abetted the same, in that, (1) with the intent to cause the death of Gary Rodriguez, ARGUEDAS caused the death of Rodriguez; and (2) under circumstances evincing a depraved indifference to human life, ARGUEDAS did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of Rodriguez, to wit, ARGUEDAS shot and killed Rodriguez, in the vicinity of 3089 Decatur Avenue, in the Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
## (Murder in Aid of Racketeering)
## (ARGUEDAS)

The Grand Jury further charges:

10. At all times relevant to this Indictment, BSGG, as described in paragraphs 1 through 5 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, membership, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce. BSGG constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose of achieving the objectives of BSGG.

11. At all times relevant to this Indictment, BSGG, through its leaders, members, and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of the laws of the State of New York and punishable by imprisonment for more than one year; offenses involving narcotics distribution in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Section 1951

10

(interference with commerce by robbery), Title 18, United States Code, Sections 1343 and 1344 (wire and bank fraud), and Title 18, United States Code, Section 1512 (witness tampering).

12. On or about December 9, 2012, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BSGG, and for the purpose of gaining entrance to and maintaining and increasing position in BSGG, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Gary Rodriguez, in violation of New York Penal Law, Sections 125.25, and 20.00, in that, (1) with the intent to cause the death of Gary Rodriguez, ARGUEDAS caused the death of Rodriguez; and (2) under circumstances evincing a depraved indifference to human life, ARGUEDAS did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of Rodriguez, to wit, ARGUEDAS shot and killed Rodriguez, in the vicinity of 3089 Decatur Avenue, in the Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

11

## COUNT THREE
### (Murder Through the Use of a Firearm)
### (ARGUEDAS)

The Grand Jury further charges:

13. On or about December 9, 2012, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely the murder in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry a firearm, and in furtherance of that crime, did possess a firearm, and in the course thereof did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), and aided and abetted the same, to wit, ARGUEDAS shot and killed Gary Rodriguez in the vicinity of 3089 Decatur Avenue, in the Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT FOUR
### (Conspiracy to Commit Murder in Aid of Racketeering and Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering)
### (ARGUEDAS)

The Grand Jury further charges:

14. The allegations contained in paragraphs 1 through 5 of Count One and paragraphs 11 and 12 of Count Two of this

12

Indictment are realleged and incorporated by reference as if fully set forth herein.

15.    In or about 2018, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BSGG, and for the purpose of gaining entrance to and maintaining and increasing position in BSGG, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder, and knowingly conspired to assault with a dangerous weapon another individual, in violation of New York Penal Law, Sections 120.05, 125.25, and 105.15, to wit, ARGUEDAS and others agreed to shoot a fellow BSGG member who had fallen out of ARGUEDAS's favor ("Victim-1").

(Title 18, United States Code, Sections
1959(a)(5) and (a)(6).)

## COUNT FIVE
### (Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)
### (ARGUEDAS)

The Grand Jury further charges:

16.    The allegations contained in paragraphs 1 through 5 of Count One and paragraphs 11 and 12 of Count Two of this Indictment are realleged and incorporated by reference as if fully set forth herein.

13

17. In or about 2018, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BSGG, and for the purpose of gaining entrance to and maintaining and increasing position in BSGG, an enterprise engaged in racketeering activity, as described above, knowingly attempted to assault an individual with a dangerous weapon, and knowingly attempted to murder an individual, and aided and abetted the same, to wit, at ARGUEDAS's direction, in the Bronx, New York, a member of BSGG shot at Victim-1, in violation of New York Penal Law, Sections 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections
1959(a)(3), (a)(5), and 2.)

## COUNT SIX
### (Use of a Firearm in Furtherance of Assault with a Dangerous Weapon and Attempted Murder) (ARGUEDAS)

The Grand Jury further charges:

18. In or about 2018, in the Southern District of New York, ALEXANDER ARGUEDAS, a/k/a "Reckless," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, assault with a dangerous weapon in aid of racketeering and attempted murder in aid of racketeering, as charged in Count Five of this

14

Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT SEVEN
### (Attempted Assault with a Dangerous Weapon in Aid of Racketeering)
### (ARGUEDAS and CHAMBERS)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 5 of Count One and paragraphs 11 and 12 of Count Two of this Indictment are realleged and incorporated by reference as if fully set forth herein.

20. On or about August 27, 2018, in the Southern District of New York, ALEXANDER ARGUEDAS, a/k/a "Reckless," and JAHVONNE CHAMBERS, a/k/a "JV," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BSGG, and for the purpose of gaining entrance to and maintaining and increasing position in BSGG, an enterprise engaged in racketeering activity, as described above, knowingly attempted to assault an individual with a dangerous weapon, and aided and abetted the same, to wit, at ARGUEDAS's direction, CHAMBERS attempted to slash a rival gang member ("Victim-2") with a scalpel in the Bronx, New York,

in violation of New York Penal Law Sections 120.05, 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(6) and 2.)

## COUNT EIGHT
## (Assault with a Dangerous Weapon in Aid of Racketeering)
## (ARGUEDAS and MICKEY)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 5 of Count One and paragraphs 11 and 12 of Count Two of this Indictment are realleged and incorporated by reference as if fully set forth herein.

22. On or about November 12, 2019, in the Southern District of New York, ALEXANDER ARGUEDAS, a/k/a "Reckless," and TYERANCE MICKEY, a/k/a "Hoodlum," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BSGG, and for the purpose of gaining entrance to and maintaining and increasing position in BSGG, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, ARGUEDAS and MICKEY assaulted a fellow BSGG member ("Victim-3") with a chair, causing bodily injury, in the vicinity of 3063 Hull Avenue in the Bronx, New York, in violation of New York Penal Law Sections, 120.05 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

16

## COUNT NINE

### (Maiming, Assault with a Dangerous Weapon, and Assault Resulting in Serious Bodily Injury in Aid of Racketeering) (BROCK)

The Grand Jury further charges:

23. The allegations contained in paragraphs 1 through 5 of Count One and paragraphs 11 and 12 of Count Two of this Indictment are realleged and incorporated by reference as if fully set forth herein.

24. On or about November 12, 2019, in the Southern District of New York, MARK BROCK, a/k/a "Rover," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from BSGG, and for the purpose of gaining entrance to and maintaining and increasing position in BSGG, an enterprise engaged in racketeering activity, as described above, knowingly maimed an individual ("Victim-4"), knowingly assaulted Victim-4 with a dangerous weapon, and knowingly assaulted Victim-4 resulting in serious bodily injury to Victim-4, and aided and abetted the same, to wit, BROCK slashed Victim-4 across the face in Manhattan, New York, in violation of New York Penal Law Sections 120.10, 120.05, and 20.00.

(Title 18, United States Code, Sections 1959(a)(2), 1959(a)(3), and 2.)

## COUNT TEN
### (Narcotics Conspiracy)
### (ARGUEDAS, DELAGUILA, JUSTO, BROWN, PADIN, BARANCO, OZKURT, BULLOCK, CORDERO, NIEVES, CURRY)

The Grand Jury further charges:

25. From at least in or about 2011, up to and including in or about March 2020, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," MATTHEW NIEVES, a/k/a "WB," ANDRE CURRY, a/k/a "Flex," the defendants, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

26. It was a part and an object of the conspiracy that ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," MATTHEW NIEVES, a/k/a "WB," ANDRE CURRY, a/k/a "Flex," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a

18

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

27. The controlled substances that ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," MATTHEW NIEVES, a/k/a "WB," ANDRE CURRY, a/k/a "Flex," the defendants, conspired to distribute and possess with intent to distribute were: (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); (iii) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); (iv) mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (v) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

19

## COUNT ELEVEN

### (Possession of Firearms During a Drug Trafficking Crime)
### (ARGUEDAS, DELAGUILA, JUSTO, PADIN, BARANCO, OZKURT, NIEVES, CURRY)

The Grand Jury further charges:

28. Between in or about 2011 and March 2020, in the Southern District of New York and elsewhere, ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," MATTHEW NIEVES, a/k/a "WB," ANDRE CURRY, a/k/a "Flex," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the conspiracy to distribute and possess with intent to distribute controlled substances as charged in Count Ten of this Indictment, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## FORFEITURE ALLEGATIONS

29. As a result of committing the racketeering offense alleged in Count One of this Indictment, ALEXANDER ARGUEDAS, a/k/a "Reckless," MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko," DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO BARANCO, a/k/a "Slime," ABBAS OZKURT,

a/k/a "AB," JAHVONNE CHAMBERS, a/k/a "JV," DENISE BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," and MATTHEW NIEVES, a/k/a "WB," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a. any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b. any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); or

c. any property constituting and derived from any proceeds which the defendant obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

30. As a result of committing the offense alleged in Count Ten of this Indictment, ALEXANDER ARGUEDAS, a/k/a "Reckless,"

MICHAEL DELAGUILA, a/k/a "Grizz," STEVEN JUSTO, a/k/a "Riko,"
DAVONTE BROWN, a/k/a "Tae," JACOBB PADIN, a/k/a "Chino," EDGARDO
BARANCO, a/k/a "Slime," ABBAS OZKURT, a/k/a "AB," DENISE
BULLOCK, a/k/a "Mocha," SIMONE CORDERO, a/k/a "Mixy," MATTHEW
NIEVES, a/k/a "WB," and ANDRE CURRY, a/k/a "Flex," the
defendants, shall forfeit to the United States, pursuant to
Title 21, United States Code, Section 853, any and all property
constituting, or derived from, any proceeds obtained, directly
or indirectly, as a result of said offense and any and all
property used, or intended to be used, in any manner or part, to
commit, or to facilitate the commission of, said offense,
including but not limited to a sum of money in United States
currency representing the amount of proceeds traceable to the
commission of said offense.

### Substitute Assets Provision

31.    If any of the above-described forfeitable property,
as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred or sold to, or
deposited with, a third person;

22

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALEXANDER ARGUEDAS, a/k/a "Reckless,"
MICHAEL DELAGUILA, a/k/a "Grizz,"
STEVEN JUSTO, a/k/a "Riko,"
DAVONTE BROWN, a/k/a "Tae,"
JACOBB PADIN, a/k/a "Chino,"
EDGARDO BARANCO, a/k/a "Slime,"
ABBAS OZKURT, a/k/a "AB,"
JAHVONNE CHAMBERS, a/k/a "JV"
DENISE BULLOCK, a/k/a "Mocha,"
SIMONE CORDERO, a/k/a "Mixy,"
MATTHEW NIEVES, a/k/a "WB,"
TYERANCE MICKEY, a/k/a "Hoodlum,"
MARK BROCK, a/k/a "Rover," and
ANDRE CURRY, a/k/a "Flex,"

Defendants.

**SEALED SUPERSEDING INDICTMENT**

S1 20 Cr. 135

(18 U.S.C. §§ 1959, 1962(d), 924(c),
924(j) and 2; 21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney.

_____
Foreperson.

Sealed Superseding Indictment filed - OTW
True Bill
Arrest Warrant
3/12/20