UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>ALEXANDER ARGUEDAS,<br>  a/k/a "Reckless,"<br>MICHAEL DELAGUILA,<br>  a/k/a "Grizz,"<br>STEVEN JUSTO,<br>  a/k/a "Riko,"<br>JERRY ROJAS,<br>  a/k/a "Feddi,"<br>DAVONTE BROWN,<br>  a/k/a "Tae,"<br>JACOBB PADIN,<br>  a/k/a "Chino,"<br>EDGARDO BARANCO,<br>  a/k/a "Slime,"<br>ABBAS OZKURT,<br>  a/k/a "AB,"<br>JAHVONNE CHAMBERS,<br>  a/k/a "JV"<br>DENISE BULLOCK,<br>  a/k/a "Mocha,"<br>SIMONE CORDERO,<br>  a/k/a "Mixy,"<br>MATTHEW NIEVES,<br>  a/k/a "WB,"<br>TYERANCE MICKEY,<br>  a/k/a "Hoodlum,"<br>MARK BROCK,<br>  a/k/a "Rover," and<br>ANDRE CURRY,<br>  a/k/a "Flex,"<br><br>                    *Defendants.* | **Protective Order**<br><br>**S2 20 Cr. 135 (JMF)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the

materials, with the words "Sensitive Disclosure Material." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

7. Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendants.

8. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. This protective order reserves the right for any party to seek modification of its terms from the Court on or after May 19, 2020 on the grounds that defense counsel is not being given adequate access to the defendants to review the discovery materials.

**Disclosure and Protection of Seized ESI**

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, from various computers, cell phones, social media, cloud services, and other devices and storage media belonging to, among others, the defendants.

12. Upon consent of all counsel (except for counsel for Defendant Davonte Brown), the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order. This paragraph does not apply to Defendant Davonte Brown.

13. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

14. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____   Date: __April 2, 2020_____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys



_____   Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_____   Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____   Date: _____
Alexei Marc Shacht, Esq.
Counsel for Steven Justo


_____   Date: _____
James DeVita, Esq.
Counsel for Davonte Brown

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____        Date: _____
Danielle R. Sassoon
Andrew K. Chan
Brandon Harper
Jaclyn S. Wood (SAUSA)
Assistant United States Attorneys

_____        Date: 3-18-20
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas

_____        Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila

_____, Esq.        Date: _____
Counsel for Steven Justo

_____, Esq.        Date: _____
Counsel for Davonte Brown

_____, Esq.        Date: _____
Counsel for Jacobb Padin

_____, Esq.        Date: _____
Counsel for Edgardo Baranco

6

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____                Date: _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys


_____                    Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas

*/s/ Benjamin S*                                   Date: March 20, 2020
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____                    Date: _____
_____, Esq.
Counsel for Steven Justo


_____                    Date: _____
James DeVita, Esq.
Counsel for Davonte Brown


_____                    Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____                    Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____     Date: _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys

_____     Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas

_____     Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila

*[signature]*                        Date: 3/27/20
Alexei Marc Shacht, Esq.
Counsel for Steven Justo

_____     Date: _____
James DeVita, Esq.
Counsel for Davonte Brown

_____     Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin

6

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys

_____          Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas

_____          Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila

_____          Date: _____
Alexei Marc Shacht, Esq.
Counsel for Steven Justo

*/s/ James R. DeVita/*          Date: 3/27/2020
James DeVita, Esq.
Counsel for Davonte Brown

_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____        Date: _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys

_____        Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas

_____        Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila

_____        Date: _____
_____, Esq.
Counsel for Steven Justo

_____        Date: _____
_____, Esq.
Counsel for Davonte Brown

*Lorraine Gauli Rufo*        Date: _____
_____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin

_____        Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____         Date: _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys


_____                Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_____                Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____, Esq.         Date: _____
Counsel for Steven Justo


_____, Esq.         Date: _____
Counsel for Davonte Brown


_____                Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin

[signature]                                   Date: 3/24/2020
Christine Delince, Esq.
Counsel for Edgardo Baranco

6

_____                    Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____                    Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco

*/s/ Guy Oksenhendler*                         Date: 4/1/2020
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____                    Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____                    Date: _____
_____, Esq.
Counsel for Denise Bullock


_____                    Date: _____
_____, Esq.
Counsel for Simone Cordero


_____                    Date: _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____                    Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____                    Date: _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock

8

_____, Esq.  
Counsel for Abbas Ozkurt

Date: _____

_[signature]_  
Lou Fasulo, Esq.  
Counsel for Jahvonne Chambers

Date: 3/18/2020

_____, Esq.  
Counsel for Denise Bullock

Date: _____

_____, Esq.  
Counsel for Simone Cordero

Date: _____

_____  
Don DuBoulay, Esq.  
Counsel for Matthew Nieves

Date: _____

_____  
Meredith Heller, Esq.  
Counsel for Tyerance Mickey

Date: _____

_____  
Dawn M. Cardi, Esq.  
Counsel for Mark Brock

Date: _____

_____, Esq.  
Counsel for Andre Curry

Date: _____

SO ORDERED:  
Dated: New York, New York  
      March ___, 2020

_____  
THE HONORABLE JESSE M. FURMAN  
UNITED STATES DISTRICT JUDGE

7

_____, Esq.  Date: _____
Counsel for Abbas Ozkurt

_____  Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers

_____, Esq.  Date: _____
Counsel for Denise Bullock

_____, Esq.  Date: _____
Counsel for Simone Cordero

*/s/ Don DuBoulay*  Date: 3/19/2020
Don DuBoulay, Esq.
Counsel for Matthew Nieves

_____  Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey

_____, Esq.  
Counsel for Abbas Ozkurt

Date: _____

_____  
Lou Fasulo, Esq.  
Counsel for Jahvonne Chambers

Date: _____

_____, Esq.  
Counsel for Denise Bullock

Date: _____

_____, Esq.  
Counsel for Simone Cordero

Date: _____

_____  
Don DuBoulay, Esq.  
Counsel for Matthew Nieves

Date: _____

*/s/ Meredith Heller*  
Meredith Heller, Esq.  
Counsel for Tyerance Mickey

Date: 3/18/20

_____  
Dawn M. Cardi, Esq.  
Counsel for Mark Brock

Date: _____

_____. Esq.  
Counsel for Andre Curry

Date: _____

SO ORDERED:  
Dated: New York, New York  
　　　　March __, 2020

_____  
THE HONORABLE JESSE M. FURMAN  
UNITED STATES DISTRICT JUDGE

7

_____, Esq.  Date: _____
Counsel for Abbas Ozkurt

_____  Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers

_____, Esq.  Date: _____
Counsel for Denise Bullock

_____, Esq.  Date: _____
Counsel for Simone Cordero

_____  Date: _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves

_____  Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey

*/s/ Dawn M. Cardi*  Date: March 19, 2020
Dawn M. Cardi, Esq.
Counsel for Mark Brock

_____. Esq.  Date: _____
Counsel for Andre Curry

SO ORDERED:
Dated: New York, New York
      March __, 2020
      April 2, 2020

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

7