UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

ALEXANDER ARGUEDAS,
  a/k/a "Reckless,"
MICHAEL DELAGUILA,
  a/k/a "Grizz,"
STEVEN JUSTO,
  a/k/a "Riko,"
JERRY ROJAS,
  a/k/a "Feddi,"
DAVONTE BROWN,
  a/k/a "Tae,"
JACOBB PADIN,
  a/k/a "Chino,"
EDGARDO BARANCO,
  a/k/a "Slime,"
ABBAS OZKURT,
  a/k/a "AB,"
JAHVONNE CHAMBERS,
  a/k/a "JV,"
DENISE BULLOCK,
  a/k/a "Mocha,"
SIMONE CORDERO,
  a/k/a "Mixy,"
MATTHEW NIEVES,
  a/k/a "WB,"
TYERANCE MICKEY,
  a/k/a "Hoodlum,"
MARK BROCK,
  a/k/a "Rover," and
ANDRE CURRY,
  a/k/a "Flex,"

*Defendants.*

AMENDED
**Protective Order**

**S2 20 Cr. 135 (JMF)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the

materials, with the words "Sensitive Disclosure Material."  The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

7.   Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendants.

8. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. This protective order reserves the right for any party to seek modification of its terms from the Court on or after May 19, 2020 on the grounds that defense counsel is not being given adequate access to the defendants to review the discovery materials.

### Disclosure and Protection of Seized ESI

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, from various computers, cell phones, social media, cloud services, and other devices and storage media belonging to, among others, the defendants.

12. Upon consent of all counsel (except for counsel for Defendant Davonte Brown), the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.  This paragraph does not apply to Defendant Davonte Brown.

13. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

### Return or Destruction of Material

14. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  This provision does not apply to any disclosure material or ESI that belongs to the defendant.

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

16. Emma M Greenwood, the court-appointed Coordinating Discovery Attorney (CDA), may disclose, make copies of, or reveal the contents of sensitive materials to defense counsel and to her employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's April 17, 2020 Order appointing Ms. Greenwood as CDA. Ms. Greenwood shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

6

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN

by: _____   Date:   4/29/20
Danielle R. Sassoon
Andrew K. Chan
Brandon Harper
Jaclyn S. Wood (SAUSA)
Assistant United States Attorneys


_____   Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_____   Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____   Date: _____
Alexei Marc Shacht, Esq.
Counsel for Steven Justo


_____   Date: _____
James DeVita, Esq.
Counsel for Davonte Brown

7

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____        Date:  _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys


*Mark S. DeMarco*
_____        Date:  April 21, 2020
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_____        Date:  _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____        Date:  _____
Alexei Marc Shacht, Esq.
Counsel for Steven Justo


_____        Date:  _____
James DeVita, Esq.
Counsel for Davonte Brown

7

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
    Danielle R. Sassoon
    Andrew K. Chan
    Brandon Harper
    Jaclyn S. Wood (SAUSA)
    Assistant United States Attorneys


_____          Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_Benjamin Silverman_          Date: April 21, 2020
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____          Date: _____
Alexei Marc Shacht, Esq.
Counsel for Steven Justo


_____          Date: _____
James DeVita, Esq.
Counsel for Davonte Brown

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
   Danielle R. Sassoon
   Andrew K. Chan
   Brandon Harper
   Jaclyn S. Wood (SAUSA)
   Assistant United States Attorneys


_____          Date: _____
Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_____          Date: _____
Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____          Date:  4/21/20
Alexei Marc Shacht, Esq.
Counsel for Steven Justo


_____          Date: _____
James DeVita, Esq.
Counsel for Davonte Brown


7

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____        Date: _____

Danielle R. Sassoon
Andrew K. Chan
Brandon Harper
Jaclyn S. Wood (SAUSA)
Assistant United States Attorneys


_____        Date: _____

Mark S. DeMarco, Esq.
Counsel for Alexander Arguedas


_____        Date: _____

Benjamin Silverman, Esq.
Counsel for Michael Delaguila


_____        Date: _____

Alexei Marc Shacht, Esq.
Counsel for Steven Justo


_____        Date: 4/23/20

James DeVita, Esq.
Counsel for Davonte Brown


7

*Lorraine Gauli Rufo*
_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____          Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____          Date: _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____          Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____          Date: _____
_____, Esq.
Counsel for Denise Bullock


_____          Date: _____
_____, Esq.
Counsel for Simone Cordero


_____          Date: _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____          Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____          Date: _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock


8

_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____          Date: _4/24/2020_
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____          Date: _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____          Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____          Date: _____
_____, Esq.
Counsel for Denise Bullock


_____          Date: _____
_____, Esq.
Counsel for Simone Cordero


_____          Date: _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____          Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____          Date: _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock


8

_____  Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____  Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco

_____  Date: 4/27/2020
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____  Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____  Date: _____
_____, Esq.
Counsel for Denise Bullock


_____  Date: _____
_____, Esq.
Counsel for Simone Cordero


_____  Date: _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____  Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____  Date: _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock


8

_____                  Date:  _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____                  Date:  _____
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____                  Date:  _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____                  Date:  __April 29, 2020_____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____                  Date:  _____
_____, Esq.
Counsel for Denise Bullock


_____                  Date:  _____
Susan K. Marcus, Esq.
Counsel for Simone Cordero


_____                  Date:  _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____                  Date:  _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____                  Date:  _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock

8

_____       Date:   _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____       Date:   _____
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____       Date:   _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____       Date:   _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____       Date:   _____
_____, Esq.
Counsel for Denise Bullock


_____       Date:   4/29/2020
Susan K. Marcus, Esq.
Counsel for Simone Cordero


_____       Date:   _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____       Date:   _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____       Date:   _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock

8

_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____          Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____          Date: _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____          Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____          Date: _____
_____, Esq.
Counsel for Denise Bullock


_____          Date: _____
_____, Esq.
Counsel for Simone Cordero

_____          Date:  3/24/2020
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____          Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____          Date: _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock

8

_____       Date:   _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____       Date:   _____
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____       Date:   _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____       Date:   _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____       Date:   _____
_____, Esq.
Counsel for Denise Bullock


_____       Date:   _____
_____, Esq.
Counsel for Simone Cordero


_____       Date:   _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____       Date:   4/23/20   _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey


_____       Date:   _____
Dawn M. Cardi, Esq.
Counsel for Mark Brock

8

_____    Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Jacobb Padin


_____    Date: _____
Christine Delince, Esq.
Counsel for Edgardo Baranco


_____    Date: _____
Guy Oksenhendler, Esq.
Counsel for Abbas Ozkurt


_____    Date: _____
Lou Fasulo, Esq.
Counsel for Jahvonne Chambers


_____    Date: _____
_____, Esq.
Counsel for Denise Bullock


_____    Date: _____
_____, Esq.
Counsel for Simone Cordero


_____    Date: _____
Don DuBoulay, Esq.
Counsel for Matthew Nieves


_____    Date: _____
Meredith Heller, Esq.
Counsel for Tyerance Mickey

_____    Date: _April 21, 2020_
Dawn M. Cardi, Esq.
Counsel for Mark Brock

8

_____. Esq.
Counsel for Andre Curry

Date: _____

_____
Kenneth J. Montgomery, Esq.
Counsel for Jerry Rojas

Date: _____4-21-20_____

SO ORDERED:
Dated:  New York, New York
       April __, 2020

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

9

_____. Esq.
Counsel for Andre Curry

Date: _____

Kenneth J. Montgomery, Esq.
Counsel for Jerry Rojas

Date: 4/21/20

SO ORDERED:
Dated: New York, New York
        April 30, 2020

THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

9