UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA       :

                              :

        -v-                  :          20-CR-135-1 (JMF)

                              :

ALEXANDER ARGUEDAS,        :      MEMORANDUM OPINION

                              :          AND ORDER

                  Defendant.      :

                              :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Alexander Arguedas is charged in a ten-count superseding indictment with, as relevant here, participating in a racketeering conspiracy (Count One), murder in aid of racketeering (Count Two), conspiracy to commit murder and assault with a deadly weapon in aid of racketeering (Count Four), assault with a dangerous weapon and attempted murder in aid of racketeering (Count Five), and use of a firearm in furtherance of assault with a dangerous weapon and attempted murder (Count Six).  *See* ECF No. 371.  Represented by new counsel, he now moves — more than five months after the deadline to file motions, *see* ECF No. 319 — to dismiss Count Two on duplicity grounds and to dismiss Counts Four, Five, and Six on vagueness grounds.  *See* ECF No. 574.

      Arguedas's motion is DENIED, substantially for the reasons set forth in the Government's opposition.  *See* ECF No. 587.[1]  First, assuming without deciding that Count Two is duplicitous because it charges Arguedas with both intentional murder and depraved indifference murder, the remedy is not dismissal of the count.  *See, e.g.*, *United States v. Droms*, 566 F.2d 361, 363 n.1 (2d Cir. 1977) ("Duplicity, of course, is only a pleading rule and would in no event be fatal to the count.").

---

[1]     Arguedas does not even attempt to show good cause for his failure to make his motion — which is based on the language of the indictment — by the motion deadline.  Nevertheless, the Court need not and does not decide whether the motion would fail on timeliness grounds alone.

Instead, the Government "may decide to proceed on only one theory of liability at trial," ECF No. 587, at 6, or the Court can resolve any duplicity problem through jury instructions and the verdict form, *see, e.g.*, *United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001) ("[P]rejudice to the defendant can be avoided by having the government elect to proceed based upon only one of the distinct crimes included within a duplicitous count or by a jury instruction that ensures that the jury is unanimous as to the conduct underlying the conviction . . . ." (citations omitted)); *United States v. Nicolo*, 523 F. Supp. 2d 303, 314 (W.D.N.Y. 2007) ("[E]ven if an indictment is duplicitous, and even if that duplicity presents some risk of prejudice to the defendant, that risk can often be avoided through jury instructions making clear to the jurors that they must unanimously agree on the particular conduct underlying the conviction . . . ."), *aff'd*, 421 Fed. App'x 57 (2d Cir. 2011).

Second, Arguedas does not come close to carrying his "high" burden of demonstrating that Counts Four, Five, and Six are impermissibly vague. *United States v. Full Play Grp., S.A.*, No. 15-CR-252 (PKC), 2021 WL 5038765, at *8 (E.D.N.Y. Oct. 29, 2021). That is because each count "track[s] the language of the statute charged and state[s] the time and place (in approximate terms) of the alleged crime." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008); *see United States v. Caruso*, 684 F. Supp. 84, 86 (S.D.N.Y. 1988) ("The Second Circuit, when confronted with . . . challenges based on vagueness, has consistently sustained indictments which track the language of the statute and, in addition, do little more than state time and place *in approximate terms.*" (citing cases) (internal quotation marks omitted)). Moreover, to the extent that Arguedas's argument has any merit, the remedy would be a bill of particulars, not dismissal of the counts. But in view of (among other things) the fact that the Government has disclosed to defense counsel the name of the relevant victim and identified for defense counsel relevant text messages in the discovery, *see* ECF No. 587, at 7, Arguedas is not entitled even to that, *see, e.g.*, *United States v. Brumaire*, No. 18 CR. 153 (CM), 2018 WL 5817540, at *1 (S.D.N.Y. Oct. 19, 2018) ("If the information the defendant seeks is provided in the

indictment or in some acceptable alternate form, such as discovery or other correspondence, no bill of particulars is required." (internal quotation marks omitted) (citing cases)).

Accordingly, Arguedas's motion is DENIED as meritless.  The Clerk of Court is directed to terminate ECF No. 574.

SO ORDERED.

Dated: November 29, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge