```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :
            -v-                                     :    20-CR-135-1 (JMF)
                                                    :
ALEXANDER ARGUEDAS,                                 :    MEMORANDUM OPINION
                                                    :         AND ORDER
                    Defendant.                      :
                                                    :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Defendant Alexander Arguedas was convicted, following a guilty plea, of racketeering conspiracy, conspiracy to distribute and possess with intent to distribute controlled substances, and use and possession of a firearm in furtherance of a drug trafficking crime based on his leadership of the Black Stone Gorilla Gang ("BSGG").  As part of his plea, he also admitted to having participated in the murder of Gary Rodriguez on December 9, 2012.  On May 24, 2022, the Court sentenced Arguedas principally to 390 months' imprisonment — below the stipulated Sentencing Guidelines range of 420 months' to life imprisonment.  *See* ECF No. 689 ("Sentencing Tr."), at 7-8, 33.  In doing so, the Court underscored several reasons for imposing a "substantial sentence," including the nature and seriousness of the crimes for which Arguedas was being sentenced and his "lengthy and disturbing criminal history," namely seven prior convictions including "multiple convictions for prior acts of violence."  *Id.* at 30.  The Court went so far as to describe Arguedas's crimes as "among the most despicable there are.  They include murder, attempted murder, accessory to murder after the fact, and engaging in indiscriminate and sadistic and really appalling acts of violence."  *Id.*  The evidence, the Court observed, suggested "somebody who really is a danger to society and takes a pleasure in inflicting pain, if not death, on other human beings."  *Id.*

Proceeding without counsel, Arguedas now moves, pursuant to 18 U.S.C. § 3582(c), for compassionate release. See ECF No. 775 ("Def.'s Mem."). As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A)(i); see also *United States v. Fernandez*, — F.4th —, No. 22-3122-CR, 2024 WL 2926825, at *4 (2d Cir. June 11, 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1] Arguedas contends that there are a variety of "extraordinary and compelling reasons" justifying a sentence reduction, namely (as helpfully summarized in the Government's Opposition):

> (1) the defendant's participation in the murder of Gary Rodriguez was not "found or proven beyond a reasonable doubt"; (2) the defendant was placed in an "untenable situation" and admitted to committing the murder to avoid a life sentence after trial; (3) the murder of Gary Rodriguez cannot serve as a valid predicate for the defendant's conviction under 18 U.S.C. § 924(c); (4) the Court improperly found that the defendant was a career offender pursuant to U.S.S.G. § 4B1.1 based on his convictions for racketeering conspiracy and narcotics conspiracy and his prior convictions for attempted robbery under New York law; (5) the murder of Gary Rodriguez should not have been considered a first-degree murder for purposes of U.S.S.G. § 2A1.1"; (6) the Government failed to promptly disclose all exculpatory and impeachment material to the defendant; (7) the defendant's young age at the time of the murder and his post-sentencing rehabilitation; and (8) the defendant's sentence of 390 months' imprisonment was longer than the average sentence for murder imposed in federal court, and his sentence was otherwise greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

Gov't Opp'n 8-9 (citing Def.'s Mem. 1-31).

Upon review of the parties' submissions, Arguedas's motion is denied as meritless, substantially for the reasons stated by the Government in its opposition. See Gov't Opp'n 8-13.[2]

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, see 18 U.S.C. § 3582(c)(1)(A), which Arguedas has satisfied. See ECF No. 779 ("Gov't Opp'n"), at 5.

[2] The Government argues that the Court lacks jurisdiction to grant Arguedas's motion because his appeal is pending. See Gov't Opp'n 1, 7-8. That is true, but as the Government acknowledges,

2

First and foremost, virtually all of Arguedas's arguments are challenges to the validity of his conviction or sentence and, thus, foreclosed by the Second Circuit's recent decision in *United States v. Fernandez*. Joining "a near-unanimous consensus among [its] sister circuits," the Second Circuit held in *Fernandez* that "[c]hallenges to the validity of a conviction . . . cannot qualify as 'extraordinary and compelling reasons' under section 3582(c)(1)(A) because they can (and therefore must) be brought in a . . . petition" under 28 U.S.C. § 2255. 2024 WL 2926825, at *7-10. To hold otherwise, the Court reasoned, "would permit a defendant to 'evade [the] collateral review structure' of section 2255." *Id.* at 8. So too here. With the possible exception of Arguedas's final two arguments (namely, those based on his age and post-sentencing conduct and the length of his sentence relative to the average sentence for murder), all of Arguedas's arguments are attacks on the validity of his conviction or sentence and, thus, not cognizable under Section 3582. Second, and in any event, for reasons cogently explained by the Government, *see* Gov't Opp'n 9-11, Argueda's arguments — even taken together — do not rise to the level of "extraordinary and compelling reasons" within the meaning of the statute. *See Fernandez*, 2024 WL 2926825, at *5-6 (discussing the meaning of "extraordinary and compelling reasons"). Among other things, many of his arguments are belied by his plea agreement and sworn plea allocution.

      Ultimately, however, the Court does not need to decide whether there are "extraordinary and compelling reasons" warranting a sentence reduction because, even if there were, a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). Little more than two years ago, the Court carefully

---

the Court has authority under Rule 37 of the Federal Rules of Criminal Procedure to deny the motion. *See id.* at 6, 8 (citing Fed. R. Crim. P. 37(a)).

considered the Section 3553(a) factors at sentencing and concluded that they called for the sentence that was imposed. The Court considered a few mitigating factors in imposing a below-Guidelines sentence, including the conditions of confinement during the COVID-19 pandemic, Arguedas's acceptance of responsibility and remorse at the sentencing, and his lack of disciplinary history while in custody. Sentencing Tr. 32. Notably, however, several of these mitigating circumstances are no longer even applicable, as Arguedas now denies responsibility for killing Rodriguez and has incurred at least two disciplinary violations while in custody, one for possessing a dangerous weapon in July 2023 and one for fighting with another inmate in September 2023. *See* Gov't Opp'n 11; ECF No. 779-1. If anything, therefore, the Section 3553(a) factors might call for a higher sentence today than the sentence imposed by the Court in 2022.

For the foregoing reasons, Arguedas's motion is DENIED as meritless. The Clerk of Court is directed to terminate ECF No. 775 and to mail a copy of this Memorandum Opinion and Order to:

> Alexander Arguedas
> Register No. 87944-054
> USP Coleman I
> U.S. Penitentiary
> P.O. Box 1033
> Coleman, FL  33521

SO ORDERED.

Dated: June 20, 2024
       New York, New York

JESSE M. FURMAN
United States District Judge