UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                                           :

UNITED STATES OF AMERICA                      :

                                :

       -v-                          :          20-CR-135-1 (JMF)

                                :

ALEXANDER ARGUEDAS,                 :              <u>ORDER</u>

                                :

              Defendant.              :

                                :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On June 20, 2024, the Court issued a Memorandum Opinion and Order denying Defendant Alexander Arguedas's *pro se* motion, pursuant to 18 U.S.C. § 3582(c), for compassionate release. ECF No. 796. On August 8, 2024, the Court received a *pro se* motion for reconsideration of that Memorandum Opinion and Order and a *pro se* motion for "a status report concerning his pending Rule 41(g) motion" seeking certain property, copies of which are attached.

      Defendant presents no valid grounds for reconsideration. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)). Accordingly, the motion for reconsideration is DENIED as meritless.

      As for the "motion requesting a status report": The Court has no record of any motion for the return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

      The Clerk of Court is directed to mail a copy of this Order to:

          Alexander Arguedas
          Register No. 87944-054
          USP Coleman I
          Federal Correctional Institution
          P.O. BOX 1033
          Coleman, FL  33521

      SO ORDERED.

Dated: August 9, 2024
      New York, New York                 _____
                                        JESSE M. FURMAN
                                      United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexander Arguedas                    20-cr-135-JMF.
Petitioner,
v.                                    Honorable: Jesse
United States Of America              M. Furman, USDJ
(AUSA: Andrew Ken-Wei Chan)
Respondents.                          July 1st, 2024.

PETITIONER: ARGUEDAS'S MOTION FOR RECONSIDERATION
THIS COURT'S JUNE 20, 2024 MEMORANDUM OPINION
AND ORDER DENYING Document 775 AND ARGUEDAS'S
REPLY IN OPPOSITION TO ARGUEDAS'S MOTION UNDER:
18 U.S.C. § 3582 (c)(1)(A)(i), FIRST STEP ACT OF 2018,
SECOND CIRCUIT'S CAMPBELL, ___ F.APP'X ___ 2022 WL 199954,
AT *2 (2d cir. Jan. 22, 2022), AND NEWLY RETROACTIVE
USSG AMENDMENT: 814, USSG §§ 1B1.13 (b)(5) + (6)

Affidavit of Arguedas, Via: 28 U.S.C. § 1746, under perjury,
the above + following to be true, correct and complete.
   Pro se.

                    Legal standard
[1]  "motions for reconsideration exist to 'correct
   manifest errors of law or fact or to present
   newly discovered evidence.'" Mid-Am. Salt,
   LLC v. Morris Cty. Coop. Pricing Council,
   964 F.3d 218, 230 (3d cir. 2020) (quoting
   Harsco corp. v. Zlotnicki, 779 F.2d 906, 909
   (3d cir. 1985)). A Court may grant a motion for

reconsideration if the moving party shows one of the following:

[2]

1. an intervening change in the controlling law;

See: USSC's USSG Amendment: 814 USSG Section 1B1.13 (b)(5) Modified "Other Reasons" Category, This broad catchall provision is retained in the amendment and gives counts the ability to consider other reasons similar in gravity to those enumerated. It makes clear that counts have both discretion and guidance necessary to grant reductions in cases with reasons similar in gravity to those already considered in any appropriate case.

Also see USSG Section 1B1.13(b)(6): Amendment: 814, New "Unusually Long Sentences" Category. This amendment responds to a circuit split concerning whether changes in law (including amendments to the Guidelines Manual that have not been made retroactive) may be considered in ruling on a sentence reduction motion.

The amendment permits the consideration of such changes in law when a defendant has served 10 years and an intervening change in law would have resulted in a shorter sentence had it been in place at the time of sentencing.

2

[3]  As Seen in Arguedas's Grounds 1-8, see
      Specifically Court's Memorandum Opinion
      and order dated June 20, 2024,
      Page 2.
         However, this court held that
      Grounds: 7, the defendant's young
      age at the time of the murder, and
      his post-sentencing rehabilition;
      (which contains two separate extraordinary
      and compelling reasons) and Ground: 8
      the defendant's sentence of (32½ years)
      390 months' imprisonment was longer than
      the average sentence for murder imposed
      in federal court, and his sentence was
      Otherwise greater than Necessary to
      Satisfy the purposes of 18 U.S.C.
      Section 3553(a), which again within
      ground 8 contains two separate but
      related issues. Total 4 issues which
      would include Disparity in sentencing
      as a fifth (5th) issues of
      presented "extraordinary and compelling
      reasons" for this Court to reconsider
      in-light of the USSC's Amendment 814
      USSG §1B1.13(b)(5)&(6), supra.

[4]  Please Note for this Court's public Record,
      No Where in its June 20th, 2024's Memorandum
      Opinion and order does it acknowledge USSC's

                        3

NOV. 1st, 2023   Newly retroactive changes
in USSG's Amendment: 814, USSG§1B1.13-
(b)(5) modified "other Reasons" category,
and USSG§1B1.13(b)(6) Amendment 814,
New "Unusually Long Sentences"
category went retroactive on
February 1st, 2024. Which would
allow all Grounds 1-8, to be
reconsidered by this Honorable
Court.

(5]   see subsection 2. the availability of
New evidence (USSG Amendment: 814, USSG's
Sections 1B1.13(b)(5)+(6), supra; that
was not available when the court
issued its order; or
    3. the need to correct a clear error
of law (Amendment 814, USSG Sections
1B1.13(b)(5)+(6) or fact or to
prevent manifest injustice.
Johnson v. Diamond State port Corp.,
50 F. App'x 554, 560  (3d cir. 2002)
(quoting Max's Seafood Café V.
Quinterous, 176 F.3d 669, 677
(3d cir. 1999)).

[6]  Finding that a Judgment may be altered or
amended if the party seeking reconsideration
shows at least one of the above
grounds.        4

[7] Moreover, this court incorrectly stated in it's June 20, 2024 Memorandum Opinion And order on page 3 bottom paragraph that:

"Ultimately, however, the court does Not Need to decide whether there are "extraordinary and compelling reasons" warranting a sentence reduction because, even if there were, a reduction would Not be "consistent with" the Section 3553(a) factors.

[8] This court should also consider U.S.A v. Kibble, 992 F.3d 326, 334 (4th 2010) (Gregory, C.J., concurring) ("section 3582 (c)(i) Permits a district court to reduce a sentence in 'any case'... Not Just cases involving low-level or Non-Violent offenses"). As stated above, Congress gave the district courts largely Uncontrained discretion to grant compassionate release. Indeed, in the absence of an applicable policy statement then, however Now USSC's USSG Amendment: 814, USSG §1B1.13(b)(5)&(6) Now allows district court's to consider other extraordinary & compelling reasons such as changes in law and USSG's, to reduce a sentence.

5

[9] Congress has stated plainly in a separate statute authorizing the Sentencing Commission to issue general policy statements that has already did so and made retroactive on Feb. 1st, 2024 USSG Amendment 814, USSG § 1B1.13 (b)(5)+(e).

[10]    See Ruvalcaba, 26 F.4th at 26 (rejecting the government's argument that the FSA prohibited district courts from considering Non-retroactive changes in sentencing law because of Congress's clear language regarding limitations on the court's discretion); see Kibble, 992 F.3d at 334 (Gregory, C.J., concurring) (" I recognize the breadth of 18 U.S.C. § 3582 (c)(i)'s text Not to discount the seriousness of some criminal offenses, but to give effect to the policy choice that Congress made plain: When extraordinary and compelling circumstances exist, even the most serious offenders may be eligible for mercy").

[11]    As stated above, Nowhere has Congress expressly prohibited district courts from granting compassionate release on the basis of an underlying offense.
    Instead Congress has provided the district courts with guidance to consider

6

an underlying offense within the appropriate framework of applicable 3553(a) sentencing factors. See 18 U.S.C. § 3582(c)(1)(A) (Noting that the court is directed to "consider[] the factors set-forth in [18 U.S.C.] section 3553(a) to the extent they are applicable").

[2] As relevant here, the section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). But, Neither this provision nor any provision in the First Step Act indicates that Congress intended to deny the possibility of a sentence reduction to a defendant because of the underlying offense of conviction. See USA V. Greene, 516 F. supp. 3d 1, 24 (D.D.C. 2021) ("the severity of the offense of conviction is only one aspect of the nature and circumstances analysis"). Indeed district courts throughout the country have routinely granted compassionate release to petitioners after appropriately considering their underlying convictions, as Congress directed, in the context of the petitioner's "history and characteristics" and in light of other applicable factors. See, e.g., USA V. Greene, 516 F. supp. 3d 1, 24 (D.DC 2021) (granting compassionate release,

finding that "Notwithstanding the seriousness of offenses," including five counts of armed robbery and five counts of using a firearm in furtherance of a crime of violence, "he was only 21 years old at the time of their commission"); USA v. Evans, 504 F.Supp.3d 519, 529 (E.D.Va. 2020) (granting compassionate release and noting that "even though the seriousness of [defendant's] offense weighs against release, the court finds that the length of [defendant's] combined state and federal sentence substantially mitigates this factor" when defendant had committed armed bank robbery); USA v. Golding, No. 05-CR-538 (JSR), 2022 WL 2985014, at #5 (S.D.N.Y. July 29, 2022) (granting compassionate release, finding that "despite the seriousness of Golding's offense," which included using firearms to commit a murder in furtherance of a conspiracy, "a 10% sentence reduction [was] appropriate in light of the factors set forth in Section 3553(a)").

[13] As these cases indicate, the district court's conclusion that Arguedas's underlying offenses and offenses he committed while under the age of 25 which the supreme court held that the male brain does not mature until after age 25, holding

8

defendant's less culpable, allowing courts
to reconsider handing down particulary
harsh sentences. Thus, according to
the supreme court, and newly
retroactive USSG Amendment: 814
USSG § 1B1.13(b)(5) + (6), along
with supreme court's _Concepcion_
and second circuit's _Campbell_,
as well as the First Step Act of 2018,
allows this court to reduce Arguedas's
sentence.

[14]  Arguedas, was barely a teenager during
most of his conduct, and under the age
of 25 years old. Courts, including the supreme
court, have repeatedly recognized that young
people as (Arguedas then was) are both
less culpable for their actions and more
likely to reform. See _Miller v. Alabama_, 567
U.S. 460, 472 (2012) (Juveniles' "transient
rashness, proclivity for risk, and inability
to assess consequences" mean they are
less culpable and that they are more
likely to reform (quotations omitted))
_Roper v. Simmons_, 543 US 551, 569
(2005) ("[J]uveniles' are more vulnerable on
susceptible to negative influences and
outside pressures, including peer pressure").

9

[[5]] Courts often consider a defendant's young
age (Argueda's age ___ when the most serious
conduct occurred) at the time of the
offense conduct- as compared to the
overall time period for which the defendant
has been incarcerated in evaluating and
granting compassionate release motions.
See McCoy, 981 F.3d at 286 (finding
the district court permissibly treated
sentence severity as an "extraordinary
and compelling factor" and appropriately
considered defendants' youth at the time
of the offenses. from 19-25 years old,"
See USA V. Ezell No. 02-815-01, 2021 WL
510293, at #7 (E.D.Pa. Feb #1, 2021)
(finding defendant's "relative youth at the time
of his offenses - 22 years old" and lack of
youth guidance supported conclusion that
he had "aged out of violent crimes"
warranting compassionate release.
See also USA v. Jones, 482 F.supp.3d 969,
985 (N.D. Cal. 2020) same.

## CONCLUSION

WHEREFORE, for all of the above specifically
stated reasons Petitioner: Arguedas most
respectfully request the following relief
from this Honorable court:

10

<u>VACATE</u>, this Court's June 20th 2024 Memorandum
        Opinion and order;

<u>GRANT</u>, Arguedas's 18 U.S.C. §3582 (c)(1)(A)(i)
        First step Act of 2018, Amendment 814
    USSG §§1B1.13 (b)(5) & (c) Motion,

Signed Under 28 U.S.C. §1746, Under perjury,
the above and following to be true,
    correct and complete. Pro-se:

            Respectfully Submitted by
            Petitioner/ Affiant:

            Alexander Arguedas
            87944-054
            USP Coleman I.
            P.O. Box 1033
            Coleman, Florida
                33521

                //

# Certificate of Service

I petitioner: Arguedas, hereby certify that this motion to reconsider was sent via: U.S. mail / postage prepaid on this __1st__ day of July 2024, to the following:

Clerk of Courts
U.S. District Court
U.S. Courthouse
500 Pearl Street
New York, New York
10007.

AUSA: Andrew K. Chan
U.S. Attorney's Office
Southern District of N.Y.
One St. Andrew's Plaza
New York, N.Y.
10007.

Alexander Arguedas

Thank you!

12



Tampa/St. Pete FL 336
MON 29 JUL 2024 PM

Clerk of courts
U.S. District court
U.S. Court house
Southern District
of New York
500 Pearl Street
New York, New York
10007.

USM
SDNY

Alexa

87944-054
leal Correctional complex
ital States Penitentiary
SP) Coleman I.
30. Box 1033
oleman, Florida
33521.

le: 20-CR-135-JMF
(S.D.NY)
oorable: Jesse M. Furman,
USDJ.

tion to Reconsider"

ly 1st, 2024.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexander Arguedas              20-cr-/35-FURMAN.
petitioner,
V.                              Honorable: FURMAN, USDJ.
United states of America
Respondents.                    July 1st, 2024.

PETITIONER: ARGUEDAS'S MOTION REQUESTING
A STATUS REPORT CONCERNING HIS
PENDING RULE 41(g) MOTION SEEKING
HIS PROPERTY 2, I-PHONES

Signed under 28 U.S.C. §1746, under perjury the above
and following to be true, correct & complete. Pro-se.
            Respectfully submitted by
            petitioner / Affiant:

            Alexander Arguedas
            87944-054
            USP Coleman I.
            P.O. BOX 1033
            Coleman, Florida
                33521.

# Certificate of Service

I, petitioner: Arguedas, hereby Certify that I have sent this Motion via: U.S. Mail/postage prepaid on this 1st, day of July, 2024 to the following:

Clerk of Courts
U.S. District Court
U.S. Courthouse
500 Pearl Street
New York, New York
10007,

U.S. Attorney's
Office S.D.N.Y.
1 St. Andrew's Plaza
New York, N.Y.
10007.

Alexander Arguedas

Thank you!

2.

Alexander Arguedas
  87944-054
Federal Correctional Complex
United States Penitentiary
(USP) Coleman I.
P.O. Box 1033
Coleman, Florida
      33521.

Case No. 20-CR-135-JMF
(S.D.N.Y.)
Honorable: J.M. Furman, USDJ.
"Status Report request of Rule 41(g) mot."
July 1st, 2024.

TAMPA FL 335
SAINT PETERSBURG FL
29 JUL 2024  PM 7  L



Clerk of Courts
U.S. District Court
U.S. Courthouse
500 Pearl Street
New York, N.Y.
    10007.

10007-131608

