UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
       :
UNITED STATES OF AMERICA       :
       :
    -v-       :    20-CR-135-1 (JMF)
       :
ALEXANDER ARGUEDAS,       :    MEMORANDUM OPINION
       :    AND ORDER
      Defendant.       :
       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant, proceeding without counsel, filed the attached motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. A reduction of sentence is not authorized, however, if the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1.10(a)(2); *see* 18 U.S.C. § 3582(c)(2). That is the case here. Indeed, as Defendant himself concedes in Paragraph 10 of his motion, the Court did not include "status points" in his Criminal History Category. Instead, his Criminal History Category was based on the fact that he qualified as a career offender under U.S.S.G. § 4B1.1. *See* ECF No. 689 ("Sentencing Tr."), at 6-8. Accordingly, Defendants' motion must be and is DENIED.

      This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      For the foregoing reasons, Defendants' motion is DENIED. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to:

        Alexander Arguedas
        Register No. 87944-054
        USP Coleman I, E-Unit, #215
        U.S. Penitentiary
        P.O. Box 1033
        Coleman, FL  33521

      SO ORDERED.

Dated: June 18, 2025
      New York, New York
                                                                 JESSE M. FURMAN
                                                                United States District Judge

United States District Court  for the Southern District of New York

**United States of America,**
*Plaintiff,*

USP Coleman 1
Place of Confinement

v.

87944-054
Federal Register Number

Alexander, Arguedas
*Defendant.*

1:20-cr-00135-JMF
Criminal Case Number

### Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines:

_____  Based on U.S.S.G. § 4C1.1 Adjustment for Zero-Point Offenders (for those assessed zero criminal history points at sentencing)

✓  Based on U.S.S.G. § 4A1.1(d) & (e) Criminal History Category (for those who received "status" points for being under a criminal justice sentence at the time of the offense)

---

### Instructions - Read Carefully

1. The court has received your request regarding a sentence reduction under Amendment 821 to the Sentencing Guidelines (effective November 1, 2023). You must complete this form motion and return it to the appropriate divisional office listed in instruction 3, below, to enable the court to consider your request. This form should only be used when requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines and for no other purpose. Amendment 821 provides for reduction in offense level for certain offenders with zero criminal history points (U.S.S.G. § 4C1.1) and reduces or eliminates status points for certain offenders who previously received status points pursuant to U.S.S.G. § 4A1.1(d). Amendment 825 authorizes retroactive reductions effective February 1, 2024 or later. A copy of your original request is included with this form for your reference.

2. This motion must be legibly handwritten or typewritten. All questions must be briefly answered in the proper space on the form.

Page 1 of 5

3. Completed motions must be mailed to the **Clerk of the United States District Court for the Northern District of Texas** at the appropriate divisional office below:

   ~~**Abilene Division**
   341 Pine Street
   Room 2008
   Abilene, TX 79601~~

   ~~**Amarillo Division**
   205 SE 5th Avenue
   Room 133
   Amarillo, TX 79101~~

   ~~**Dallas Division**
   1100 Commerce Street
   Room 1452
   Dallas, TX 75242~~

   ~~**Fort Worth Division**
   501 W. 10th Street
   Room 310
   Fort Worth, TX 76102~~

   ~~**Lubbock Division**
   1205 Texas Avenue
   Room 209
   Lubbock, TX 79401~~

   ~~**San Angelo Division**
   33 East Twohig Avenue
   Suite 202
   San Angelo, TX 76903~~

   ~~**Wichita Falls Division**
   501 W. 10th Street
   Room 310
   Fort Worth, TX 76102~~

4. Questionnaires that do not follow these instructions will be returned, and the mistake will be identified.

## Questionnaire

1. Name and location of court that entered the sentence that you are asking to reduce:

   _U.S. District court Southern District of New York (Foley Square)_

2. Date(s) of sentence and judgment of conviction:

   _MAY 24, 2022_

3. Are you currently in prison for this sentence?

   √ Yes ____ No

4. If so, when is your projected date of release? _1/20/2048_

5. Are you currently on supervised release? ____ Yes √ No

6. Are you currently in prison because you violated your supervised release for the conviction and sentence identified in response to Questions No. 1 and 2?

   ____ Yes √ No

Page 2 of 5

(Direct Appeal)

7. Is your case currently on appeal? ✓ Yes _____ No

8. Offense(s) for which you were convicted (all counts):

Racketeering conspiracy 18 U.S.C. §1962 (d)

Conspiracy to distribute and possess with intent to distribute controlled substances 21 U.S.C. §846 and 21 U.S.C. §841 (b)(1)(A)

Use and possession of A firearm in relation to A Drug trafficking crime. 18 U.S.C. §924 (c)(1)(A)(i)

9. In calculating the applicable sentencing guideline range, were you assessed any criminal history points (U.S.S.G. § 4A1.1)?

✓ Yes _____ No _____ Not Sure

9a. **If the answer to Question 9 is "No,"** check the box for all statements that apply to your conviction and sentence:

☑ I received criminal history points from Chapter Four, Part A;

☐ I received an adjustment under § 3A1.4 (Terrorism);

☐ I used violence or credible threats of violence in connection with the offense;

☐ the offense resulted in death or serious bodily injury;

☐ the instant offense of conviction is a sex offense;

☐ I personally caused substantial financial hardship;

☐ I possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

☐ the instant offense of conviction is covered by § 2H1.1 (Offenses Involving Individual Rights);

☐ I received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);

☐ I received an adjustment under § 3B1.1 (Aggravating Role) or was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; or

☐ none of the statements above applies to my case.

10. **If the answer to Question 9 is "Yes,"** were you assessed criminal history points for being "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status" at the time of the offense (a.k.a. "status points") (U.S.S.G. § 4A1.1(d))?

    ____ Yes    √ No    ____ Not Sure

11. **If the answer to Question 10 is "Yes,"** how many criminal history points were assessed in total, including the "status points"?

    __10__ Criminal History Points

12. If you were sentenced on or after April 5, 2023, did the Court provide the benefit of the "status points" or "zero-point offenders" amended guidelines at your sentencing hearing prior to the effective date?

    ____ Yes    √ No    ____ Not Sure

13. List any good conduct that occurred after your original sentencing hearing or any other mitigating circumstances that you would like the Court to be aware of in deciding whether you should receive a sentence reduction (for example, participating in a drug treatment program, or completing your GED or another degree).

    - Self Study ACE Stop Procrastinating class, - Personal development ACE class,
    - Geography ACE class in Spanish, - Individual Community ACE class,
    - Geography ACE class in Spanish, - Money management ACE class,
    - Anger management ACE class, - Job Placement ACE class,
    - Drug education class, - GED Pretest, - enrolled in school
    mitigating circumstances → I Developed Asthma and Severe High blood pressure since being incarcerated. I'm also participating in paralegal classes to be A certified paralegal.

Page 4 of 5

For the reasons stated in this motion, I move the court for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. I declare under penalty of perjury that the facts stated in this motion are true and correct.

Respectfully submitted this ~~~~ June, 10th, 20 25.

_____
Signature of Defendant

Alexander, Arguedas
Printed Name

87944-054
BOP No.

USP Coleman 1
Federal Correctional Institution (if applicable)

E-unit, #215
P.O. Box 1033
Address

Coleman, FL 33521
City, State & Zip Code

